## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE KNIT WITH,            :
                               :     CIVIL ACTION
           Plaintiff,          :
                               :
    v.                             :
                               :     NO. 09-5981
AURORA YARNS, FREDERIKKA     :
THEODORA PAYNE, and DONNA     :
McGRANAHAN,                  :
                               :
           Defendants.        :

## <u>MEMORANDUM</u>

BUCKWALTER, S. J.                                          March 11, 2010

Currently pending before the Court is the Motion for Remand by Plaintiff The Knit With. For the following reasons, the Motion is granted and the case is remanded to the Pennsylvania Court of Common Pleas for Philadelphia County.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

According to the facts set forth in Plaintiff's Complaint, Defendant Aurora Yarns ("Aurora") supplied Plaintiff The Knit With ("TKW") with *Cashmerino* yarn between August 2004 and January 2006. (Compl. ¶ 9.) These various transactions came about when Defendant Donna McGranahan, an independent representative for yarn wholesalers, conducted a sales call to Plaintiff, during which she described *Cashermino* as "a high-quality, high-cashmere-content yarn appropriately stocked by a high-end shop which could be economically inventoried because it was soon to be closed-out." (Id. ¶¶ 5, 10.) Subsequently, on July 6, 2006, TKW learned by rumor that an unidentified handknitting yarn labeled to contain the identical fiber percentages as

*Cashmerino* had actually been found to contain no cashmere.  (Id. ¶ 12.)  Pursuant to 13 Pa.C.S. § 2609, TKW requested that Aurora furnish a Guaranty of Compliance indicating that labeling of Aurora-sourced wool complied with the Wool Products Labeling Act of 1939, 11 U.S.C. § 68 *et seq.*  (Id. ¶ 14.)  Defendant Frederikka Payne, the proprietor of Aurora, originally promised to furnish the Guaranty, but subsequently expressed some reservations to Plaintiff about doing so. (Id. ¶ 16.)

Meanwhile, TKW retained Kenneth D. Langley, a professor of materials science at the University of Massachusetts, to ascertain the cashmere content of three "suspect" yarns (other than *Cashmerino*) matching the fiber content of the rumored yarn.  (Id. ¶ 17.)  On July 18, 2006, Dr. Langley's analyses found that the three "suspect" yarns had no cashmere at all.  (Id.)  By July 21, 2006, Aurora had yet to furnish the requested Guaranty and Defendant Payne expressed doubt about her receiving the necessary verification concerning the *Cashmerino's* fiber content from her supplying Italian manufacturer before the manufacturer's one month close on July 31st.  (Id. ¶¶ 19-20.)  She also "expressed reticence" in requesting that the manufacturer provide this information.  (Id. ¶ 20.)

Given all of these events, Plaintiff began to suspect whether the *Cashmerino* labeling properly stated the cashmere content of the yarn.  (Id. ¶ 21.)  Thus, on July 24, 2006, TKW removed *Cashmerino* from sale and submitted samples to Dr. Langley for fiber analysis, which revealed that the yarn was spun of 7% cashmere instead of the labeled 20% cashmere.  (Id. ¶ 22.) TKW informed Aurora of these results, but Defendant Payne disputed Dr. Langley's reliability and challenged TKW's intent in performing these fiber analyses.  (Id. ¶¶ 23-24.)  Although Payne indicated that she trusted the manufacturer (Ornaghi Filati), she offered to take back TKW's

remaining inventory for her own re-sale.  (Id. ¶ 24.)  On August 3, 2006, Payne informed

Plaintiff that the manufacturer stood by *Cashmerino*'s labeling and would furnish a report to

prove the labeling's accuracy.  (Id. ¶ 25.)

Despite the Langley report, Payne executed a Guaranty for *Cashmerino*, dated August 14,

2006, challenging Plaintiff's integrity and good faith in testing the wool product.  (Id. ¶ 26.)  On

August 15, 2006, Payne and TKW initially agreed that TKW would "quietly" recall the yarn,

return remaining stock to Aurora, and forego litigation in exchange for Aurora's promise to make

TKW whole.  (Id. ¶ 27.)  On November 29, 2006, however, Payne stated that Ornaghi's testing

reached "the same result" found by Langley – that *Cashmerino* was spun of just 7% cashmere.

(Id. ¶ 29.)  Aurora thus requested that TKW indicate to consumers that the importer and

manufacturer were participating in the recall as well.  (Id.)

Via correspondence dated July 10, 2007, TKW informed Aurora of the status of its recall,

presented an itemized schedule of costs and losses incurred, and requested reimbursement of

those losses pursuant to the August 15, 2006 agreement.  (Id. ¶ 30.)  Aurora then issued a call

tag, on August 1, 2007, for TKW's return of all remaining *Cashmerino* product, as well as sixty

labels received from consumers during the recall.  (Id. ¶ 31.)  On September 1, TKW demanded

that Aurora complete "meaningful and substantial performance [to make TKW whole] by the

date certain of September 17" or the August 15, 2006 agreement would be deemed void.  (Id. ¶

32.)  Despite TKW's demand for damages totaling $19,445.70, Aurora sent TKW a check for

only $2,497.14.  (Id. ¶ 33.)  Because this amount was less than requested, TKW deemed the

August 2006 agreement repudiated.  (Id. ¶ 33.)

On December 1, 2009, TKW brought the instant litigation in the Pennsylvania Court of

Common Pleas for Philadelphia County against Defendants Aurora Yarns, Frederikka Payne, and Donna McGranahan.  The Complaint alleged, against both Defendants Payne and Aurora, false advertising pursuant to the Lanham Act, breach of contract for failure to supply product requested, breach of contract for breach of the duty to provide assurances, and breach of contract for repudiation of the "quiet" recall agreement.  (Id. ¶¶ 35-45, 65-88.)  Additionally, it claimed breach of express warranty and breach of implied warranty against Defendants Aurora, Payne, and McGranahan.  (Id. ¶¶ 46-64.)  On December 16, 2009, Defendants Aurora and Payne removed the case to the United States District Court for the Eastern District of Pennsylvania.  On December 23, 2009, Defendant McGranahan filed a Motion to Dismiss.  Defendants Aurora and Payne answered the Complaint on December 28, 2009.

Shortly after the case was transferred to federal court, Plaintiff filed the current Motion for Remand, together with an Amended Complaint – both of which were docketed on January 13, 2010.  The Amended Complaint added as plaintiffs James and Dawn Casale, proprietors of TKW, in order to cure some of the pleading defects identified by Defendant McGranahan's Motion to Dismiss.[1]  Defendants Aurora and Payne ("Removing Defendants") answered the Amended Complaint and McGranahan filed a new Motion to Dismiss.  Additionally, Aurora and Payne filed a Memorandum in Opposition to the Motion to Remand and, on February 5, 2010, Plaintiffs filed a Reply Brief.  The Court now turns to a discuss of the pending Remand Motion.

---

[1]  Under Federal Rule of Civil Procedure 15, Plaintiff's amendment of the Complaint as of right was precluded by Aurora's Answer, filed on December 28, 2009.  FED. R. CIV. P. 15(a).  As leave to file the Amended Complaint has yet to be granted by the Court, we will refer to TKW as the only named Plaintiff and will cite only the allegations of the original Complaint.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant.  See 28 U.S.C. § 1446(b).  "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements."  Winnick v. Pratt, No. CIV.A.03-1612, 2003 WL 21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); see also Palmer v. Univ. of Med. and Dentistry of N.J., 605 F. Supp. 2d 624, 627 (D.N.J. 2009) ("A party opposing remand must show that removal was proper.").

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court.  Cook v. Soft Sheen Carson, Inc., No. CIV.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008).  Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process."  PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993).  Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction.  Kimmel v. DeGasperi, No. CIV.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)).  A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a).  28 U.S.C. § 1447(c); N. Penn Water Auth. v. Bae Sys. Aerospace Elec., Inc., No. CIV.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005).  Upon a motion to remand, "it is always the removing party's burden to prove the propriety of removal, and any doubts about

the existence of federal jurisdiction must be resolved in favor of remand." <u>Lumbermans Mut.</u>

<u>Cas. Co. v. Fishman</u>, No. CIV.A.99-929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing

<u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 851 (3d Cir.1992)); <u>see</u> <u>also</u> <u>Boyer</u>, 913 F.2d at 111

(The removal statutes "are to be strictly construed against removal and all doubts should be

resolved in favor of remand.") (quoting <u>Steel Valley Auth. v. Union Switch & Signal Div.</u>, 809

F.2d 1006, 1010 (3d Cir.1987)).

## III.    DISCUSSION

In the current Motion, Plaintiff concedes that this Court has subject-matter jurisdiction

over this case pursuant to 28 U.S.C. § 1331.[2]  It seeks remand, however, based on a purely

procedural defect.  Specifically, it argues that Removing Defendants have failed to comply with

the "unanimity rule" because Defendant McGranahan neither joined in the notice of removal nor

otherwise consented to the removal.

The right to remove a case from state to federal court is vested exclusively in "the

defendant or defendants."  28 U.S.C. § 1441(a).  Section 1446, which governs removal, "has

been construed to require that when there is more than one defendant, all must join in the

removal petition." <u>Lewis v. Rego Co.</u>, 757 F.2d 66, 68 (3d Cir. 1985); <u>Granovsky v. Pfizer, Inc.</u>,

631 F. Supp. 2d 554, 559 (D.N.J. 2009).  This requirement that all defendants agree to the

removal is known as the "unanimity rule." <u>Balazik v. County of Dauphon</u>, 44 F.3d 209, 213 n.4

(3d Cir. 1995).  "Although the question arises more frequently in diversity cases, the 'unanimity

rule' is also applicable in federal question cases." <u>State Med. Equip. Co. v. Farber</u>, No.

---

[2]  "The district courts shall have original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

CIV.A.95-2596, 1995 WL 339024, at *2 (E.D. Pa. Jun. 1, 1995). Unanimity may be expressed by defendants either jointly filing the notice of removal or consenting to the removal by separate filing. Balazik, 44 F.3d at 213; Weinrach v. White Metal Rolling and Stamping Corp., No. CIV.A.98-3293, 1999 WL 46627, at *1 (E.D. Pa. Jan. 6, 1999). The rule does not apply to any defendant which has not been served or is not otherwise in receipt of the complaint at the time of removal. Reeser v. NGK Metals Corp., 247 F. Supp. 2d 626, 631 (E.D. Pa. 2003). "[T]he failure of all defendants to remove creates a 'defect in removal procedure' within the meaning of § 1447(c)," but is deemed to be a procedural defect, not a jurisdictional one. Balazik, 44 F.3d at 213; see also McGlinchey v. Hartford Accident and Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989)).[3]

In the case at bar, the Notice of Removal was filed on December 15, 2009, on behalf of Defendants Aurora and Payne. (Pl.'s Mot. for Remand, Ex. 5.) Although it was timely filed within thirty days after these Defendants received the Complaint, the Notice was not joined by Defendant McGranahan and did not include an explicit consent form signed by her. (Id.) Under plain application of the rule of unanimity, the removal was thus procedurally defective, thereby requiring remand to state court.

Defendants attempt to rebut this conclusion with four arguments. First, they aver that McGranahan was fraudulently joined and, as such, her consent was unnecessary. Second, they

---

[3] This Court takes note that there are relatively few appellate cases addressing issues of remand because 28 U.S.C. § 1447(d) provides, with limited exceptions, that "an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

assert that Plaintiff invoked the jurisdiction of this Court by filing the Amended Complaint and

thus cannot claim that a now-abandoned complaint was incorrectly removed. Third, Defendants

contend that the removal was not defective since McGranahan's consent was evidenced by both

the initial Notice of Removal and her subsequent Motion to Dismiss. Finally, Defendants argue

that policy reasons, including judicial economy and the need to avoid a "procedural conundrum"

in state court, counsel in favor of retaining this action. The Court addresses each of these

arguments.

### A.  Whether Defendant McGranahan Was Fraudulently Joined

Removing Defendants' first challenge to remand asserts that Defendant McGranahan was

fraudulently joined in this action. It is well-established that the unanimity rule may be

disregarded where:  (1) a non-joining defendant is an unknown or nominal party; or (2) where a

defendant has been fraudulently joined. Balazik, 44 F.3d at 213 n.4; see also In re Diet Drugs

Prods., 220 F. Supp. 2d 414, 419 (E.D. Pa. 2002) ("The unanimity rule . . . is not applicable with

respect to any defendant who has been fraudulently joined.")[4]  As set forth by the Third Circuit,

joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting

the claim against the joined defendant, or no real intention in good faith to prosecute the action

against the defendant or seek a joint judgment." In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006)

(quotations omitted). The removing party carries a "heavy burden of persuasion" in making a

---

[4]  Plaintiff argues that the fraudulent joinder exception is applicable only to the removal of state
law actions based upon a diversity jurisdiction under 28 U.S.C. § 1332. (Pl.'s Reply Br. 3.) This
argument is incorrect. "As many courts have held, the rationale for the doctrine of fraudulent
joinder applies with equal force in the context of removal based on federal question jurisdiction."
In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 109, 118 (D. Mass. 2006)
(citing cases).

showing of fraudulent joinder.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d

1006, 1012 n.6 (3d Cir. 1987); see also Crawford v. Allstate, No. CIV.A.08-5483, 2009 WL

2778851, at *2-3 (E.D. Pa. Aug. 31, 2009).

A district court may base a finding of fraudulent joinder on factual or legal grounds.  In re

Avandia Mktg. Sales Prac. & Prods. Liab. Litig., 624 F. Supp. 2d 396, 411-12 (E.D. Pa. 2009).

Joinder is legally fraudulent if the court determines that a claim is "wholly insubstantial and

frivolous" in light of the relevant case law.  Batoff v. State Farm, 977 F.2d 848, 852 (3d Cir.

1992).  In other words, so long as colorable claims are asserted against the defendants at issue,

the court may not find that those defendants were fraudulently joined based on the court's view

of the merits of those claims.  Id. at 851.  Notably, a district court's examination of the law is not

as exacting as review on a motion to dismiss and the court must be careful not to delve too deep

into substantive matters.  Id. at 852.  "'Simply because we come to believe that, at the end of the

day, a state court would dismiss the allegations against a defendant for failure to state a cause of

action does not mean that the defendant's joinder was fraudulent.'"  City of Philadelphia v.

Hotels.com, No. CIV.A.05-4391, 2005 WL 2573146, at *3 (E.D. Pa. Oct. 11, 2005) (quoting

Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 367-68 (E.D. Pa. 2000)).

When evaluating whether a defendant's joinder is factually fraudulent, the district court

must focus on the plaintiff's complaint at the time the petition for removal was filed, must

assume as true all of the factual allegations of the complaint, and must resolve all uncertainties as

to the current state of controlling law in favor of plaintiff.  Batoff, 977 F.2d at 851-52.  A district

court need not "blindly . . . accept whatever plaintiffs may say no matter how incredible or how

contrary the overwhelming weight of the evidence."  Reeser v. NGK Metals Corp., 247 F. Supp.

2d 626, 629 (E.D. Pa. 2003). Thus, "limited piercing of the allegations to discover fraudulent joinder" may be appropriate. Boyer, 913 F.2d at 112. Contested issues of substantive fact, however, must be resolved in plaintiff's favor and the district court may not step "from the threshold jurisdictional issues into a decision on the merits." Id. at 111-12.

In this case, Removing Defendants claim that McGranahan was fraudulently joined in Plaintiff's Complaint, thereby making her consent unnecessary for removal. They argue that contrary to the Complaint's allegation that McGranahan misrepresented to Plaintiff the percentage of cashmere content in *Cashmerino*, Plaintiff's owner, James Casale, admitted, in an October 20, 2007 e-mail to another individual in the wool industry, that McGranahan was not involved in the sale of *Cashmerino*, as follows:

> Unfortunately for Donna [McGranahan], she got caught up in a dispute we are having with another vendor which Donna also represents. That vendor sold us a fraudulent wool product and, only thru Donna's efforts, an agreement was struck to solve the problem; later the vendor welshed on fulfilling her commitments. We have since learned that Donna was not the specific rep who sold the fraudulent yarn, but before learning that we were forced to send both Donna and the vendor an "impending litigation" letter. I had communicated to Donna privately that naming her as a defendant was, in my view a mere formality and that I would dismiss her from the case . . . . When the suit is filed against the vendor, Donna **will not** be named as a defendant; that complicates the necessary proof, but just a little and does not change the inevitable result.

(Defs.' Resp. Mot. for Remand, Ex. A.) Removing Defendants now argue that this statement is effectively a concession that McGranahan has been fraudulent joined in this case.

Resolving all uncertainties in favor of Plaintiff, however, the Court does not find that Removing Defendants have met their "heavy burden" of proving that McGranahan was fraudulently joined. The Complaint alleges claims of breach of express and implied warranty

10

against Defendant McGranahan, claiming that prior to TKW's purchase of the bulk of *Cashmerino* supplied by Aurora, McGranahan made statements concerning the high-cashmere content of the product, which constituted both a description and affirmative representation of 20% cashmere content of the yarn. (Compl. ¶¶ 41, 43, 44.) Because TKW relied on those representations and because the yarn did not conform with those representations, Plaintiff claims to have suffered damages. (Id. ¶¶ 46-47, 53-54.) Under Pennsylvania law, this is clearly a colorable claim for relief. 13 Pa. Cons. Stat. §§ 2313, 2314 (1984).

As to the factual basis for the claim, Defendants ask the Court to consider the October 2007 e-mail in a vacuum, without any indication of either the factual context in which the statement was made or the events prior and subsequent to the drafting of the e-mail Consideration of such surrounding evidence reveals that, at best, a factual question exists as to the validity of the claim against McGranahan. According to a Declaration from TKW owner and counsel James Casale, Defendant Payne herself represented that the sale of *Cashmerino* to TKW was made by McGranahan. (Pl.'s Reply Br., Decl. of James Casale ("Casale Decl.") ¶ 11, Feb. 5, 2010.) McGranahan's then-counsel subsequently sent a letter, with documentation, to Casale indicating that McGranahan was not involved with the sale of *Cashmerino.* In full reliance upon the latter representation, Casale drafted the aforementioned e-mail. (Id. ¶¶ 18-19; Pl's Reply Br., Ex. 1.) Upon Casale's more thorough inquiry into McGranahan's involvement, however, he found justification for his original belief that McGranahan had made false statements concerning the sale of *Cashmerino*. (Casale Decl. ¶ 20.) On November 2, 2007, Casale then sent a letter to McGranahan's attorney explaining this belief and indicating his renewed intent to name McGranahan as defendant. (Id. ¶ 21; Pl.'s Reply Br., Ex. 2.) As concisely stated by Plaintiff,

"[t]he correspondence . . . prior to November 2, 2007 reflected the facts known at that point in time and does not foreclose the discovery of additional facts which may and do contravene those statements." (Casale Decl. ¶ 22.) Taking all allegations and evidence in the light most favorable to Plaintiff, the Court finds that the claims asserted against McGranahan are colorable and that Plaintiffs have demonstrated a subjective intent to actually proceed on such claims.

Alternatively, Removing Defendants argue that they should be allowed limited discovery to determine if McGranahan was involved in the sale of *Cashmerino* for the purpose of deciding whether she was fraudulently joined. This argument completely misconstrues the breadth of the "fraudulent joinder" inquiry. While we recognize that a court is not constrained by the pleadings and may look beyond them to find an "indicia of fraudulent joinder," the court must be careful not to step "'from the threshold jurisdictional issue into a decision on the merits.'" In re Briscoe, 448 F.3d at 219 (quoting Boyer, 913 F.2d at 112). As noted above, this limitation is "significant" and the "permissible inquiry [is] less probing than the factual review a district court conducts in deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." In re Avandia, 624 F. Supp. 2d at 412. To open discovery on the present issue would far exceed these bounds. Should Defendants subsequently be able to uncover evidence which would permit dismissal of the claims against McGranahan, they will be free to submit such evidence on a motion for summary judgment before the state court. At this juncture, the Court must simply resolve all doubts about removal in favor of remand.[5]

---

[5] The Court is aware that McGranahan has a pending Motion to Dismiss on the grounds that: (1) Plaintiff The Knit With lacks capacity to sue; (2) Plaintiffs Dawn and James Casale may not add themselves as parties in the existing case by amendment of the Complaint; (3) Plaintiff fails to state a claim for breach of warranty; and (4) Plaintiff lacks standing to pursue the Lanham claim.

B. **Whether Plaintiff's Filing of an Amended Complaint Waives Its Right to Remand**

Removing Defendants' second effort to defeat the Motion for Remand alleges that Plaintiff has, by filing a First Amended Complaint, voluntarily appeared before the Court and demanded relief. (Defs.' Resp. Mot. for Remand 4.) Defendants go on to argue that Plaintiff "cannot . . . claim that this Court has no jurisdiction due to allegations that a now-abandoned complaint was incorrectly removed. Plaintiff's Amendment and the motion for Leave to Amend, and the addition of the Casales as parties, are all positive statements to this Court that the Casales want this case to remain in this courtroom." (Id.) Defendants conclude that Plaintiff has effectively waived any objection to removal of the original Complaint.

The Court must again disagree. "Although a party may waive objections to procedural defects in removal, a waiver will be found only when there is 'affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand.'" Godman v. Sears, Roebuck & Co., 588 F. Supp. 121, 124 (E.D. Mich. 1984) (quoting Feller v. Nat'l Enquirer, 555 F. Supp. 1114, 1121 (N.D. Oh. 1983) (further quotations omitted)). "Examples of such conduct include unsuccessfully litigating a substantial issue, such as the right to a jury trial, or filing an amended complaint seeking further or different relief." Id.;

---

That Motion has no bearing, however, on our fraudulent joinder inquiry. Rather, "[w]hen a Rule 12(b)(6) motion is joined with a motion to remand on the ground of fraudulent joinder, the court should consider the claim of fraudulent joinder first since it is a jurisdictional issue." 5B WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 n.39 (3d ed. 2009); see also Consol. Energy Inc. v. Berkshire Hathaway, Inc., 252 Fed Appx. 481, 483 (3d Cir. 2007) ("[s]ince the case was improperly removed due to the failure of unanimity, it would be unfair for [defendant] to benefit from the wrongful removal by having its motion to dismiss decided in a federal forum.").

see also Lanier v. Am. Bd. of Endodontics, 843 F.2d 901, 905 (6th Cir. 1988) (finding waiver of objections to removal where, before filing motion to remand, plaintiff entered into stipulations, filed requests for discovery, sought to amend her complaint, filed a new lawsuit against the defendant in the federal court, demanded trial by jury, and proceeded with discovery).  On the other hand, filings that do not constitute "affirmative conduct" or "unequivocal assent" to federal jurisdiction will not result in waiver.  See, e.g., id. at 124 (answering the request for a specific *ad damnum* not deemed a waiver); Feller, 555 F. Supp. at 1121 (filing a brief in response to defendant's motion for summary judgment, while an unnecessary affirmative act, "[did] not rise to the level of a waiver or consent to federal jurisdiction," particularly given the fact that the motion for remand was already pending at the time and the fact that plaintiff was merely responding to a motion); Maybruck v. Haim, 290 F. Supp. 721, 724 (S.D.N.Y. 1968) ("The adjournment of pretrial depositions pending determination of defendant's motion to dismiss, the timely filing of a jury trial demand, and the stipulations on two occasions for adjournment of the return date of defendant's motion to dismiss, constituted mere procedural steps designed to accommodate the parties rather than affirmative action intended to use this Court's jurisdiction for adjudication of a substantial right.").

In a case factually analogous to the one before the Court, a federal district court addressed whether the mere amendment of a complaint could constitute waiver.  Newport v. Dell, Inc., No. CIV.A.08-96, 2008 WL 2705364, at *4 (D. Ariz. Jul. 2, 2008).  The plaintiff, in that matter, filed a complaint in state court and some of the defendants removed the case to federal court.  Id. at *1.  Subsequently, the non-removing defendant and the removing defendants filed separate motions to dismiss the complaint.  Id. at *1.  Plaintiff then filed the motion to remand and

requested that the court defer briefing on the motions to dismiss until after the remand motion was decided.  Id. at *2.  While all of these motions were pending, plaintiff filed a first amended complaint in lieu of responses to the motions to dismiss.  Id. at *2 & n.2.  The removing defendants then opposed the motion for remand, claiming that the first amended complaint waived plaintiff's objections to removal.  Id. at *4.

Rejecting defendants' waiver argument, the district court distinguished cases wherein a plaintiff affirmatively sought the jurisdiction of the federal court by filing motions for leave to amend the complaint prior to seeking remand.  Id. at *4.  The court noted that, unlike such cases, the current plaintiff did not engage in any affirmative federal conduct prior to filing her motion for remand:

> Plaintiff's First Amended Complaint was an amendment as of right, filed in lieu of a response to Defendants' Motions to Dismiss.  In the First Amended Complaint, Plaintiff specifically alleges that she is in the process of challenging the Court's jurisdiction via her Motion to Remand. . . . Because Plaintiff's First Amended Complaint was filed after her Motion to Remand as a defensive maneuver responsive to the filing of Defendants' Motions to Dismiss, the Court sees no reason why it offends the fundamental principles of fairness to consider the Motion for Remand.

Id.

Similarly, in the present case, the Court finds no "affirmative federal court conduct" by Plaintiffs such that "remand in this matter would be offensive to fundamental principles of fairness."  On December 16, 2009, Defendants Aurora and Payne removed the case to federal court.  On December 23, 2009, Defendant McGranahan filed a Motion seeking dismissal, in part, on the ground that Plaintiff TKW did not have capacity to sue since it was a Pennsylvania

partnership, which, under Pennsylvania law, must sue through its named partners.[6] (McGranahan Mot. to Dismiss, <u>The Knit With v. Aurora Yarns</u>, No. 09-5981, 4 (E.D. Pa. Dec. 23, 2009).) On January 13, 2010, Plaintiffs filed both the pending Motion for Remand and the Motion for Leave to File an Amended Complaint. In the latter motion, Plaintiffs made clear that the amendment sought only to add James and Dawn Casale as Plaintiffs in order to remedy the original pleading defect identified by Defendant McGranahan and avoid dismissal of the Complaint on purely procedural grounds. (Pl's Mot. for Leave to Amend, <u>The Knit With v. Aurora Yarns</u>, No. 09-5981, ¶¶ 7-8 (E.D. Pa. Jan. 13, 2010).) In all other substantive respects, the Amended Complaint was identical. <u>Id.</u> The Motion for Leave to Amend also re-emphasized that the removal of the action was procedurally defective and required remand to state court. (<u>Id.</u> ¶¶ 11-12.)

Nothing in these actions suggests that Plaintiff was giving its "unequivocal assent" to federal court jurisdiction. Indeed, as in <u>Newport</u>, Plaintiff's Motion for Leave to File the First Amended Complaint was filed as a defensive maneuver to the Motions to Dismiss, sought only to cure a simple pleading defect in the original Complaint, did not allege any new claims or seek any further or different relief, was filed simultaneously with the Motion for Remand, and expressly reiterated Plaintiff's argument that removal was procedurally defective. Plaintiff has since taken no further steps in prosecution of the federal suit. Given these factors, the Court finds nothing in this filing that either waived Plaintiff's objections to removal or would render

---

[6] <u>See</u> PA. R. CIV. P. 2127(a) ("A partnership having a right of action shall prosecute sch right in the names of the then partners trading in the firm name, in the following manner: 'A, B and C trading as X & Co.'"); <u>Creative Closets v. Cal. Closet Co., Inc.</u>, No. CIV.A.95-964, 1985 WL 2791, at *1 (E.D. Pa. Sep. 23, 1985) ("[U]nder state law, a partnership may not sue in its own name; rather it must sue through its named partners trading as the partnership.").

remand offensive to fundamental principles of fairness.

The cases cited by Defendants in support of their waiver argument are inapposite. First, in New Mexico v. Gen. Elec. Co., 467 F.3d 1223 (10th Cir. 2006), the plaintiff filed a complaint in state court which was then removed by the defendant to federal court. Id. at 1236. Despite filing an initial motion to remand for lack of subject matter jurisdiction, the plaintiff withdrew that motion and, instead, filed a first amended complaint alleging federal jurisdiction. Id. After extensive litigation of the case, the court began to question the plaintiff's theory, causing plaintiff to dismiss its federal claims and seek remand of the remaining state law claims to state court based on the absence of subject matter jurisdiction. Id. The district court denied that motion to remand and, on appeal, the Tenth Circuit noted that "[o]nce the [plaintiff] alleged federal subject matter jurisdiction . . . in her first amended and subsequent consolidated complaint, any initial jurisdictional defects in removal were cured because a party cannot voluntarily invoke, and then disavow federal jurisdiction." Id. at 1236 n.23 (internal quotations omitted).

Similarly, in Bernstein v. Lind-Waldock & Co., 738 F.2d 179 (7th Cir. 1984), the plaintiff filed a claim in state court, which the defendant then removed to federal court on the ground that the plaintiff's rights were governed by federal rather than state law. Id. at 181-82. Plaintiff moved to remand the case to state court, but the motion was denied. Id. at 182. He then filed an amended complaint in federal court adding a federal law claim. Id. The district court granted summary judgment and plaintiff appealed. Id. On consideration of whether the federal court had jurisdiction over the removed suit, the Seventh Circuit noted that no subject matter jurisdiction existed over the complaint as removed since no federal question appeared on the face of that complaint. Id. at 185. The court nonetheless found that the lower court's ruling could

stand, reasoning as follows:

> [A]fter [plaintiff's] motion to remand was denied, he threw in the towel, as it were, and filed an amended complaint in federal court that included an unmistakable federal cause of action against [defendant].  The amended complaint was thus within the original jurisdiction of the federal district courts and it makes no difference that it was filed only because [plaintiff's] previous suit had improperly been removed.  If he was convinced that the original action was not removable he could have stuck by his guns and we would have vindicated his position on appeal.  But once he decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there. . . .  He "cannot be permitted to invoke the jurisdiction of the federal court, and then disclaim it when he loses."

Id. at 185-86 (quotation omitted).

In stark contrast, Plaintiff, in this case, has never disputed the fact that the federal court has subject-matter jurisdiction over the matter due to the express federal question appearing on the face of both the Complaint and the Amended Complaint.  Rather, and contrary to the aforementioned cases, Plaintiff seeks remand due to a *procedural*, as opposed to a *jurisdictional*, defect in removal, *i.e.* failure to comply with the unanimity rule.  See Balazik, 44 F.3d at 213 (specifically holding that a failure to secure consent from all defendants to removal is a procedural and not a jurisdictional defect).  The Amended Complaint sought only to remedy an error in Plaintiff's original pleading, *i.e.* suing in the name of The Knit With as a partnership as opposed to in the name of its actual partners, Dawn and James Casale, trading as the partnership. Nothing in that document waived any objections to the Removing Defendants' failure to secure the consent of Defendant McGranahan.  As Removing Defendants's cited jurisprudence does not suggest otherwise, we reject their argument.

**C.**    **Whether Removing Defendants' Notice and/or Defendant McGranahan's Subsequent Motion to Dismiss Satisfied the Unanimity Rule**

Removing Defendants next dispute any assertion that the Notice of Removal was defective due to its failure to comply with the unanimity rule. They claim that Defendant McGranahan's consent was clearly evidenced by both: (1) Removing Defendants' Notice of Removal, which stated that McGranahan had no objection to federal jurisdiction; and (2) Defendant McGranahan's motion to dismiss, signed by her current attorney of record and filed in this Court. This Court finds Removing Defendants' argument meritless.

As noted above, "[i]n order for removal to be proper, all defendants must unanimously join or consent to the removal through a timely-filed, express written indication of consent." Lewis v. Consol. Freightways Corp. of Del., No. CIV.A.04-6102, 2005 WL 503317, at *2 (E.D. Pa. Feb. 28, 2005). With respect to the "timely-filed" aspect of the unanimity rule, all defendants must act to confer consent within the thirty-day period set forth in 28 U.S.C. § 1446(b) and courts are without authority to expand this time period. Alves v. Eagle Crane Serv., Inc., No. CIV.A.05-6699, 2006 WL 1030244, at *2-3 (E.D. Pa. Apr. 19, 2006). The parameters of the "express written indication" requirement are somewhat hazier. "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous *written* evidence of consent to the court in timely fashion." Michaels v. N.J., No. CIV.A.96-3557, 1996 WL 787613, at *5 (D.N.J. Nov. 8, 1996). In other words, there must be some "written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." Ogletree v. Barnes, 851 F. Supp. 184, 188 (E.D. Pa. 1994) (quotations omitted);

see also Morganti v. Armstrong Blum Mfg. Co., No. CIV.A.00-6343, 2001 WL 283135, at *2 (E.D. Pa. Mar. 19, 2001) ("consent to join a notice of removal must be express, official, and unambiguous). To that end, it is well-established that a defendant's mere entry of appearance in federal court is insufficient to manifest consent. Leuzzi v. Dollar Tree Stores, Inc., No. CIV.A.05-4814, 2005 WL 2972982, at *1 (E.D. Pa. Nov. 4, 2005). Moreover, "one defendant's attempt to speak on behalf of another defendant will not suffice." Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995); see also Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554, 563 (D.N.J. 2009); Green v. Target Stores, Inc., 305 F. Supp. 2d 448, 449-50 (E.D. Pa. 2004); Morganti, 2001 WL 283135, at *2. Finally, the mere filing of a motion to dismiss by a non-joining defendant does not either explicitly or implicitly evince consent sufficient to satisfy § 1446(b). Ramos v. Quien, 631 F. Supp. 2d 601, 607 n.2 (E.D. Pa. 2008); Ogletree, 851 F. Supp. at 189-90.

In the present case, the Notice of Removal neither was signed by Defendant McGranahan nor contained any express written consent to the removal. (Pl.'s Mot for Remand, Ex. 5.) Although the Notice avers that, "[t]he remaining defendant, Donna McGranahan, by and through counsel of record in the State Court Action, Peter M. Dolinger, Esquire, joins in or otherwise consents to this Notice of Removal," (id. Ex. 5 ¶ 5), our jurisprudence makes clear that such a statement is insufficient to unequivocally manifest McGranahan's consent as required by § 1446(b). Alternately, Removing Defendants contend that because Defendant McGranahan filed an "extensive" motion to dismiss, signed by her current attorney of record, she clearly indicated her consent to the jurisdiction of this Court. (Defs.' Resp. Mot. for Remand 5.) As set forth above, however, a motion to dismiss alone cannot provide the official and unambiguous consent

to federal jurisdiction mandated by § 1446.  Indeed, Defendant McGranahan makes no statement

anywhere in that Motion that could remotely be construed as an express consent to the removal.

At best, the Motion evidences McGranahan's acknowledgment that the case has been transferred

to federal court and she must now defend the case in this forum.[7]

In short, Removing Defendants fail to present even a modicum of evidence that there has

been full, written, and express agreement by all Defendants as to removal.[8]  Accordingly, the

Court finds that Defendants Notice of Removal fails to satisfy the unanimity rule.[9]

---

[7]  The Court notes that Defendant McGranahan filed a joint Motion to Dismiss the First Amended Complaint and Response to Plaintiff's Motion for Leave to Amend on January 27, 2009.  Aside from the fact that this filing is also not the unequivocal consent required by § 1446, it was filed fourteen days after the thirty-day period set forth in § 1446(b) expired, thus making it untimely.  Similarly, any current attempt by Defendants to secure the consent of McGranahan will be deemed untimely and will not cure the procedural defects in removal.  See Alves, 2006 WL 1030244, at *3 ("[t]he 30 day limitation of [s]ection 1446 whereby defendants must file or join in a notice of removal 'is mandatory and the court is without authority to expand it.'") (quoting Ogletree, 851 F. Supp. at 190).

[8]  Removing Defendants' Response ambiguously references Green v. Target Stores, 305 F. Supp. 2d 448 (E.D. 2004).  (Defs.' Response Mot. for Remand 5.)  That case completely undermines any argument by Defendants.  Although the court in that case found that there was concrete evidence that all defendants had agreed to removal, it held that the non-signing defendant's "failure to file an official notice with the court ma[de] the removal procedure defective."  Id. at 451.

[9]  The case relied upon by Removing Defendants,  Lewis v. Rego Co., 757 F.2d 66 (3d Cir. 1985), is irrelevant.  The court, in that matter, did not discuss or opine on what constitutes proper consent for purposes of removal.  Rather, it held only that an exception to the unanimity rule "arises when a non-resident defendant has not been served at the time the removing defendants file their petition.  In that situation the removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding."  Id. at 68.

**D.  Whether Any Policy Arguments Counsel in Favor of Denying Remand**

In a last ditch effort to overcome the shortfalls of their Removal Petition, Removing Defendants set forth two policy bases for denying remand.  The Court addresses each individually.

**1.  Considerations of Judicial Economy**

Removing Defendants first contend that this Court currently has before it two consolidated cases against other defendants, but both brought by The Knit With and both alleging identical claims about cashmere wool contents.  (Defs.' Resp. Mot. for Remand 4 (citing The Knit With v. Knitting Fever, Inc., Civ. A. No. 08-4221 and The Knit With v. Eisaku Noro & Co., Civ. A. No. 08-4775).)  According to Removing Defendants, because those cases are closely related to the current case, considerations of judicial economy and equity advocate this Court's retention of jurisdiction over this matter.

While this Court agrees that considerations of judicial economy make it preferable for the claims pending in the other related cases and the similar claims raised by the current action to be decided in the same forum, such considerations are insufficient to overcome the statutory mandates for removal set forth by Congress.  See Cook v. Soft Sheen Carson, Inc., No. CIV.A.08-1542, 2008 WL 4606305, at *3 (D.N.J. Oct. 15, 2008) ("[a]lthough the Court is mindful of these critical principles [of judicial economy and cooperative federalism], the executive and legislative branches have enacted statutes articulating the standards to be used in determining whether a defendant may remove a particular case to federal court."); Tucker v. Whitaker Travel, Ltd., 620 F. Supp. 578, 583 (E.D. Pa. 1985) (defendants who properly removed

case cannot be deprived of a federal forum "simply because remand to state court may promote judicial efficiency."). As eloquently stated by the United States District Court for the Northern District of Illinois:

> [W]e pause to reemphasize the underlying concept which leads us to conclude that this case must be remanded to the Illinois state courts: federalism. We do so because we believe that [defendant's] characterization of the defect in his petition [non-compliance with the rule of unanimity] as a mere "technical" flaw that can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can – and should – be invoked. As we have tried to make clear, the principle of federalism is not, as some now see it, a quixotic anachronism that can be ignored whenever it poses an obstacle to achieving a result that a disgruntled litigant or even a federal judge deems desirable. . . . In our view, therefore, to exercise jurisdiction in cases such as this one would serve to concentrate the power of the federal government unnecessarily at the expense of the sovereignty of the several States.

Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1449-50 (N.D. Ill. 1987).

The removal statutes, 28 U.S.C. §§ 1441, 1446, and 1447, set forth the precise procedures by which a defendant may remove a case to federal court. When a removing party fails to comply with those procedures, as Removing Defendants did here, considerations of judicial economy cannot rectify those errors. See Jim Arnold Corp. v. Hydrotech Systems, Inc., 109 F.3d 1567, 1572 (Fed. Cir. 1997) ("[C]onsiderations of judicial economy cannot trump a clear rule of law, particularly one that goes to the very power of the court to decide the case."). We therefore reject Removing Defendants' first policy argument.

## 2. Avoidance of a Procedural Conundrum

In their second policy argument, Removing Defendants contend that Plaintiff has recently filed a new case in the Philadelphia Court of Common Pleas, asserting the same claims against

the same Defendants. (Defs.' Resp. Mot. for Remand, Ex. C.) Defendants aver that if they remove that new case to federal court – as they intend to do – and this Court remands the present case to state court, there would be a procedural conundrum caused by simply "swapping complaints." Rather than have parallel proceedings occurring in state and federal court on the same issues with the same parties, Removing Defendants argue that this Court should retain jurisdiction of this complaint, and then merge the two complaints after the second complaint is removed. (Defs.' Resp. Mot. for Remand 6.)

The Court, however, deems Removing Defendants' fear unfounded. Unlike the present Complaint, the complaint filed in the new state court action evidences no basis for assertion of federal subject-matter jurisdiction. The new action does not set forth any federal claim, but rather is limited to only state law claims for breach of warranties and breach of contract.[10] (Defs.' Resp. Mot. for Remand, Ex. C); see Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983) (stating that in any civil action, a district court's federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") Moreover, the parties are not diverse since both Plaintiff and Defendant McGranahan are residents of Pennsylvania. Menan Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) (The

---

[10] Although the claims asserted are all grounded in state law, the Court is aware that Defendants may invoke federal law as a defense to some of the claims. As noted by Plaintiff, however, "[u]nder the 'well-pleaded complaint' rule, federal jurisdiction is lacking unless a federal question appears on the face of a properly pleaded complaint; a federal defense does not confer subject matter jurisdiction." In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999).

requirement of complete diversity means that "jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state.").  Because Defendants could not remove the new state action to federal court, Defendants' second policy argument does not provide any basis for this Court to deny remand.

## IV.    CONCLUSION

In sum, this Court clearly has subject matter jurisdiction over the present action in light of the federal question apparent on the face of the Complaint.  Removing Defendants' Notice of Removal, however, is procedurally defective in that they failed secure the explicit consent of Defendant McGranahan within thirty days of filing the Notice of Removal.  Having failed to establish that McGranahan was fraudulently joined, that Plaintiff waived its right to object to the procedural defect, or that any other policy reason allows this Court to retain jurisdiction, the Court must remand the entire matter back to the Court of Common Pleas for Philadelphia County.

An appropriate order follows.